**THOMAS E. AND EDNA D. CARPENTER FOUNDATION, Respondent,**

v.

**COUNTY OF WASHINGTON, Relator.**

**No. CX–84–922.**

Supreme Court of Minnesota.

April 12, 1985.

---

Robert W. Kelly, Washington Co. Atty., Douglas G. Swenson, Asst. Co. Atty., Stillwater, for relator.

John E. Brandt, St. Paul, for respondent.

AMDAHL, Chief Justice.

Washington County obtained a writ of certiorari to review a Tax Court determination that a claimed exemption from property taxes was effective for the year the taxes were payable, not assessed. We reverse.

The parties stipulated to facts before the Tax Court. The Thomas E. and Edna D. Carpenter Foundation is an institution of purely public charity within the meaning of Minn.Stat. § 272.02, subd. 1(6) (1984). The Foundation owns land in Washington County which is now the "Carpenter Nature Center." The Nature Center is used exclusively for the preservation and protection of the natural environment. On February 8, 1983, before the February 15 statutory deadline, the Foundation filed a "Statement of Owner of Real Estate Claim to be Exempt from Taxation" with the Washington County Assessor. The county refused to apply the exemption to the taxes payable in 1983 on grounds that the application covered only the taxes payable in 1984. The 1983 taxes amounted to $9,674.86, half of which were paid to the county apparently under protest. This action was commenced within the statutory time limitation.

The parties do not dispute the tax exempt status of the Foundation property, but disagree as to whether under Minn. Stat. § 272.025, subd. 1 (1984), the 1983 filing for an exemption relates to taxes assessed in 1982 and payable in 1983 or to taxes assessed in 1983 and payable in 1984. In our view the phrase, the "year for which the taxpayer claims an exemption" is the year in which the taxes are assessed.

The legislature has developed a comprehensive plan which statutorily defines the responsibility of several levels of government to participate in the property taxation process. The act of filing for an exemption must be viewed in the context of that scheme.

The first step in the process is that the local assessor, on behalf of the local unit of government, lists every parcel of taxable property located within the jurisdiction and values each as of January 2 of the year in question. Minn.Stat. §§ 273.01, 273.03, subd. 1 (1984). The list must be completed at least 2 weeks prior to a meeting of the local board of review, Minn.Stat. § 273.01 (1984), and notice of valuation and classification of property must be mailed to each property owner at least 10 days prior to the meeting, Minn.Stat. § 273.121 (1984). The local board must, within the time designated by law, ascertain whether all taxable property has been included, whether all property has been valued at its market value and then consider objections by property owners. Minn.Stat. § 274.01 (1984).

Again, within a defined time period, the county board of equalization reviews the assessments. Minn.Stat. § 274.13–.14 (1984). Finally, the state board of equalization reviews the lists. Minn.Stat. § 270.-11–.12 (1984).

At the conclusion of these proceedings, the final tax list, specifying the tax liability of each parcel of real property, is compiled and "deemed completed." Minn.Stat. § 275.28, subd. 1 (1984). The taxes levied are due and payable the following year. Minn.Stat. §§ 276.01, 279.01, subd. 1 (1984).

It is only logical to require the filing for the exemption at the time the process begins rather than authorizing a claim after the local, county, and state boards have met to consider the extent of real property which forms the tax base and after the tax lists have been, by statute, "deemed completed, and all taxes extended thereon." Minn.Stat. § 275.28, subd. 1 (1984).

■ We therefore hold that Washington County properly applied the exemption to the taxes assessed in 1983 and payable in 1984 in its construction of Minn.Stat. § 272.025, subd. 1 (1984).

Reversed.